UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONNA SMITH, ET AL                          CIVIL ACTION

VERSUS                                      NO: 07-1730

KERT LEBLANC INSURANCE                      SECTION: J(1)
AGENCY, INC., ET AL

**ORDER AND REASONS**

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") **Rule 56 Motion for Summary Judgment (Rec. Doc. 9)**.  This motion, which is opposed, was set for hearing on May 14, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that State Farm's motion should be granted.

**Background Facts**

Plaintiffs brought this action against State Farm[1] after a

---

[1] Plaintiffs also brought suit against their current State Farm agent, but these claims were dismissed as the agent named as a defendant did not become Plaintiffs' agent until after the fire destroyed their home.

fire destroyed their home in October 2005.[2]  Following the fire, State Farm paid Plaintiffs their policy limits under their State Farm homeowners' policy, which limits had been increased in September of 2000.[3]  However, Plaintiffs contend that they should be paid more than their policy limits because State Farm did not advise them upon renewal of their policy that the amount of their coverage would be insufficient to completely rebuild their home following its destruction.

### The Parties' Arguments

State Farm argues that Plaintiffs' claims should be dismissed for two reasons: (1) such claims are extinguished by peremption pursuant to La. R.S. 9:5606; and (2) under Louisiana law, State Farm owed no special duty to Plaintiffs and was under no obligation to monitor or advise Plaintiffs regarding the limits of their policy.

**A.    Failure to State a Cause of Action**

State Farm argues that Plaintiffs have failed to state a cause of action against State Farm as State Farm owed no special duty to Plaintiffs and was under no obligation to monitor or

---

[2]  Plaintiffs' homeowners' insurance was renewed automatically on October 22, 2005.

[3]  Plaintiffs contacted their State Farm agent in September of 2000 and requested that coverage be increased to "replacement value."  Plaintiffs requested no further increases in coverage and continued to renew their existing policy on an annual basis at the same level of coverage.

advise Plaintiffs regarding the limits of their policy or to review Plaintiffs' homeowners' policy *sua sponte* and realize that Plaintiffs' coverage limits were inadequate to pay for the full replacement of their home after a fire.  Furthermore, State Farm states that Plaintiffs do not allege that State Farm or Plaintiffs' State Farm agent failed to procure insurance coverage that Plaintiffs specifically requested.

In opposition, Plaintiffs argue that they specifically desired and purchased a "full replacement policy" from State Farm, and that State Farm failed to deliver such a policy. Specifically, Plaintiffs allege that after Hurricane Katrina in August 2005 and prior to Plaintiffs' renewal in October 2005, State Farm was aware of the "dramatically increased square footage valuations to calculate replacement coverage."  However, State Farm "took no steps or actions to advise plaintiffs that, upon renewal of their policy, their coverage limits were inadequate for full replacement."  As such, Plaintiffs argue that the duty breached by State Farm is clear--State Farm failed to advise Plaintiffs of a "significant, detrimental change in coverage calculation that it was fully aware of prior to renewing its insured's policy."

In reply, State Farm argues that there was no heightened duty of State Farm after Hurricane Katrina to scrutinize policies during automatic renewals.  The state of Louisiana law did not

change and did not impose any special or different duty after the hurricane.  While Plaintiffs argue that State Farm possessed knowledge about the increased cost to replace their home following the storm, they have neither proved that State Farm actually possessed this knowledge with regard to their home in particular, nor have they alleged any additional facts that would show that State Farm assumed a duty during this time period to warn Plaintiffs about the limits of their policy.  Moreover, according to State Farm, if any such knowledge was readily apparent, that knowledge should have been readily apparent to Plaintiffs, upon whom the duty rested to advise their insurer of any necessary increase in coverage.

**B.   Peremption**

State Farm also argues that since Plaintiffs purchased their policy through their State Farm agent, and as any discussions about coverage amounts necessarily would have been through their State Farm agent, the Louisiana statutes regarding liability of agents apply in this instance.  Plaintiffs last elected to change their policy limits in September 2000 and received notice of new limits soon thereafter.  Plaintiffs had no further contact with their State Farm agent or with State Farm with respect to their policy limits until after the fire in October 2005.

Therefore, since under Louisiana law, Plaintiffs had an obligation to read and understand the limits of their policy and

4

thus had constructive knowledge of the amount of their policy limits as of the day that their policy changes went into effect in October 2000, the three year statutory peremptory period under La. R.S. 9:5606 expired three years before Plaintiffs filed suit in October 2006.  State Farm also notes that under Louisiana law, subsequent renewals of Plaintiffs' policy do not act to restart or toll the peremptory period, particularly in this case, as Plaintiffs never contacted State Farm or their agent to ask that their limits be raised again.

In opposition, Plaintiffs argue that the negligence alleged in their petition and set forth above occurred at the time of renewal in October 2005, and that this is the "act, omission or neglect" complained of for purposes of La. R.S. 9:5606.  As such, their action is timely.

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

588 (1986).

Both parties agree that since Plaintiffs purchased their policy through their State Farm agent, and as any discussions about coverage amounts necessarily would have been through their State Farm agent, the Louisiana law regarding liability of agents applies in this instance.  To state a cause of action for breach of a procuring insurance agent's fiduciary duty, a plaintiff must show: (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured.  Offshore Prod. Contractors, v. Republic Underwriters Ins. Co., 910 F.2d 224, 229 (5th Cir. 1990) (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So. 2d 728, 730-731 (La. 1973)).  However, an insurance agent is not required "to spontaneously identify a client's needs and advise him as to whether he is under insured or carries the right type of coverage."  Dobson v. Allstate Ins. Co., 2006 WL 2078423, *10 (E.D. La. July 21, 2006).

While Plaintiffs do allege that they desired and requested full replacement coverage, they did not ask their agent or State Farm for a specific coverage amount.  As was the case in Parker v. Lexington Ins. Co., "Plaintiffs were in a far better position

6

. . . to know that their property was worth more than the coverage limits they selected . . . . Thus, what Plaintiffs are in fact claiming is that Louisiana law required [the agent] to procure an independent appraisal of their property prior to allowing them to renew their policy.  Louisiana law imposes no such duty."  No. 06-4156, 2006 WL 3328041, at *4 (E.D. La. Nov. 15, 2006).

As such, this Court determines that Plaintiffs have failed to state a claim against State Farm.  Furthermore, no genuine issues of material fact exists which would preclude summary judgment in favor of State Farm in this matter.  Accordingly,

**IT IS ORDERED** that State Farm's **Rule 56 Motion for Summary Judgment (Rec. Doc. 9)** is hereby **GRANTED.**

New Orleans, Louisiana, this 2nd day of June, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

7